Jeremy Justin Harris
Reg. No. 79743-112
F.C.I. Phoenix
37910 N. 45th Avenue
Phoenix, AZ 85086



Cause No.

UNITED STATES DISTRICT COURT
FOR ORLANDO FLORIDA

| | |
|---|---|
| Jeremy Justin Harris,[In Re: Forfeiture Of $ 8,220 In U.S. Currency]. Claimant/Defendant, <br><br> v. <br><br> JOHN W. MINA, ET. AL., SHERIFF OF ORANGE COUNTY, FLORIDA. <br> __Plaintiff/Respondent. | § Case No. D.C. <br> § State Cause No.2022-CA-010520 <br> §              22-066296 <br> § MOTION PURSUANT TO FED. R. 41(g) <br> § FOR RETURN OF PROPERTY, AND <br> § REQUEST FOR DIVERSITY OF JURISD- <br> § ICTION, AND THE COURT"S EQUITABLE <br> § JURISDICTION. <br> § |

COMES NOW Petitioner/Claimant, Jeremy Justin Harris, pro se before this Honorable court, (hereinafter) Claimant requesting that this Honorable Court assume jurisdiction of his cause. Claimant states that where he was arrested by Orange County, Sheriff's Department, and where they did seize his personal property, i.e., (2) Cell Phones and $8,220.00, dollars in cash. Where Claimant was not prosecuted in a court of law for any type of crime, simply held and subsequently released, by the Sheriff's Dept., there was never a finding of guilt or otherwise. Claimant states that where he has and did file a "Motion For Return Of Property" that the State authorities/County continue to persist in their endevor to deprive claimant of his property without Due Process.

-1-

## JURISDICTION

Claimant asserts that this court has jurisdiction pursuant to 18 U.S.C. § 3231 as it can invoke its equitable jurisdiction, its anomalous jurisdiction, See In re Grand Jury Proceedings, 724 F.2d 1157 (5th Cir 1984). See United States v Ramirez, 260 F.3d 1310. 14 Fla. Weekly Fed C. 1065, 51 Fed R. Serv, 3d (Callaghan) 303 (11th Cir. 2001.) Motion for return of property filed after criminal proceedings have terminated is civil proceeding for equitable relief subject to 60-day appeal period in civil Procedure Rule 4.). See United States v. Wilson, 540 F.2d 1100, 176 U.S. App. D.C. 321 (D.C. Cir. 1976).

Wherefore, Claimant further asserts that where he was on Supervised Release at the time of his arrest by the Orange County, Sheriff's Department, and where he was subsequently released to the United States Marshal's Service, without having being prosecuted by the county, that he was never technically in the custody of the Orange County authorities, and therefore, remained a federal prisoner, and under federal jurisdiction. Wherefore, Claimant ask this Court to intervene on his behalf.

Claimant prays for the relief that he seeks. Claimant FURTHER SAYETH NAUGHT.

Jeremy Justin Harris, pro se