UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY JUSTIN HARRIS,

    Plaintiff,

v.                                                          Case No.  6:23-cv-752-WWB-DCI

JOHN W. MINA,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff' Jeremy Justin Harris' typed document entitled "Motion Pursuant to Fed. R. 41(g) for Return of Property, and Request for Diversity Jurisdiction, and Request for Equitable Jurisdiction" ("**Motion**," Doc. 1). Plaintiff, a federal prisoner proceeding *pro se*, appears to be requesting the Court to direct the Orange County Sheriff's Department to return his two cellular phones and $8,220 that were seized when he was arrested. (*Id.* at 1). According to Plaintiff, who was on supervised release when he was arrested, he was never prosecuted for any offense and was released by the Orange County Sheriff's Department, but his property was not returned to him. (*Id.* at 1–2).

It appears that Plaintiff seeks relief pursuant to Federal Rule of Criminal Procedure 41(g), which permits an individual whose property has been seized by the government to file a motion for return of the property. "When a defendant invokes Rule 41(g) after the close of criminal proceedings, the court treats the motion as a civil action in equity." *United States v. Stoune*, 842 F. App'x 433, 435 (11th Cir. 2021) (citing *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)).

To obtain relief under Rule 41(g), the person seeking the return of property must carry "his burden of showing real or constructive possession of the property by the federal government." *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004). Here, Plaintiff does not allege that the federal government seized his property or that it has either real or constructive possession of his property. Consequently, Plaintiff is not entitled to relief under Rule 41(g).

To the extent Plaintiff may be attempting to initiate a civil rights action, he has not filed a civil rights complaint. Furthermore, Plaintiff's Motion does not contain the information required in a civil rights complaint. For example, Plaintiff's allegations are vague and conclusory and the historical information concerning Plaintiff's prior federal cases has not been provided. *See* 28 U.S.C. § 1915(g). Additionally, Plaintiff has not submitted a motion for leave to proceed *in forma pauperis*. Therefore, this case will be dismissed without prejudice to give Plaintiff the opportunity to seek relief in the appropriate state court or to properly file a civil rights complaint if that is his intent and to either pay the filing fee or submit a motion to proceed *in forma pauperis*.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion (Doc. 1) is **DENIED**. This case is **DISMISSED** without prejudice.
2. The Clerk is directed to enter judgment and close the case.
3. The Clerk shall send Plaintiff a prisoner civil rights complaint form with this Order. If Plaintiff chooses to pursue a civil rights action, he may complete and submit it along with either the filing fee or a motion to proceed *in forma*

*pauperis* to the appropriate court. Plaintiff, however, should not place the instant case number on the complaint as this case will be closed.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

3